J-S32024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL GINYARD, JR. | : | |
| | : | |
| Appellant | : | No. 128 WDA 2021 |

Appeal from the PCRA Order Entered January 12, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0000023-2011

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: NOVEMBER 19, 2021**

Michael Ginyard, Jr. (Appellant) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  Also, Appellant's counsel has petitioned to withdraw from representation.  We grant counsel's petition and dismiss the appeal.

On May 25, 2011, the trial court, sitting as factfinder, found Appellant guilty of possession with intent to deliver a controlled substance (PWID) and possession of a controlled substance.[1]  On August 25, 2011, the court sentenced Appellant to 11½ - 23 months of incarceration, followed by 3 years of probation.  Appellant filed post-sentence motions, which the court denied on September 22, 2011.  Appellant did not file a direct appeal.

---

[1] 35 P.S. §§ 780-113(a)(30), (16).

On April 9, 2012, Appellant filed a motion for parole, which the trial court granted. On September 4, 2013, while serving the term of probation in this case, Appellant was arrested for a new drug crime. A detainer was lodged against Appellant for the probation violation. On October 15, 2013, Appellant filed a motion to lift the detainer, which the court denied. On September 11, 2014, the court revoked Appellant's probation and sentenced him to 3 years of probation. **See** Order of Sentence, 9/11/14 (stating sentence would commence that same day and be concurrent with sentence of probation imposed as a result of Appellant's new drug offense). Appellant did not appeal.

More than five years later, on December 3, 2019, Appellant filed a first PCRA petition *pro se*. Appellant raised claims which included ineffectiveness of counsel and insufficiency of the evidence.[2] The PCRA court appointed counsel, Diana Stavroulakis, Esquire (Attorney Stavroulakis). On March 14, 2020, Attorney Stavroulakis filed a petition to withdraw, along with a "no merit" letter, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Attorney Stavroulakis opined that Appellant's petition was time-barred under the PCRA, and in the alternative, Appellant's claims were wholly frivolous. **See** 42 Pa.C.S.A. § 9545(b) (providing all PCRA petitions must be filed within one year of the judgment of sentence becoming final, unless the

---

[2] Appellant's claims pertained to his original sentence entered August 25, 2011.

petitioner meets one of the enumerated exceptions); Petition to Withdraw and No Merit Letter, 3/14/20, at ¶ 4 ("Counsel's review did not reveal any meritorious issues to raise in an Amended PCRA Petition, even if counsel could make an argument that this case fell within an exception to the timeliness requirement.").

On November 12, 2020, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing. The court stated in relevant part:

> [Appellant's] judgment of sentence became final thirty days after his post-sentence motion [was] denied on September 22, 2011. As such, he had one year from the date his judgment of sentence became final in which to file a timely PCRA Petition, *i.e.*, October 22, 2012. [Appellant] did not file his PCRA Petition until eight years later, [on] December 3, 2019, and has failed to properly allege any exception to the timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(1). For the foregoing reasons, [Appellant's] PCRA Petition is time-barred and meritless, the Court lacks jurisdiction, and he is not entitled to relief.

Notice of Intent to Dismiss, 11/12/20, at 1-2. The PCRA court additionally granted Attorney Stavroulakis leave to withdraw as counsel.

By order entered January 12, 2021, the PCRA court denied Appellant's PCRA petition without a hearing. Ten days later, Appellant timely filed a *pro se* notice of appeal.[3] The PCRA court subsequently issued a Pa.R.A.P. 1925(a)

---

[3] Appellant attached to his notice a handwritten document entitled "Appeal Brief" in which he asserted, in relevant part, that PCRA counsel was ineffective. **See** Notice of Appeal & Appeal Brief, 1/22/21.

opinion relying upon the reasons advanced in the court's Rule 907 notice of intent to dismiss.

On February 11, 2021, the PCRA court appointed new counsel, William Kaczynski, Esquire (Attorney Kaczynski), to represent Appellant in any appellate proceedings. On August 12, 2021, Attorney Kaczynski filed with this Court a petition for permission to withdraw as counsel, simultaneously with an **Anders**[4] brief. Appellant filed a *pro se* response. In sum, Appellant asserted: (1) he was innocent of the PWID charge; (2) the PCRA should have an innocence exception to the 1-year jurisdictional time bar; and (3) the trial court erred in ignoring Appellant's waiver of his right to counsel filed at the preliminary hearing. ***See generally*** Response to **Anders** Brief, 9/7/21.

Before addressing the merits of Appellant's appeal, we must determine whether Attorney Kaczynski complied with the requirements of ***Turner***/***Finley*** in petitioning to withdraw as Appellant's counsel. We have explained:

> ***Turner***/***Finley*** counsel must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining

---

[4] ***Anders v. California***, 386 U.S. 738 (1967). The procedure set forth in **Anders** is not the appropriate vehicle for withdrawing from PCRA representation. ***See Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003). Counsel seeking to withdraw on collateral appeal must follow the procedure outlined in ***Turner***/***Finley***. However, because an **Anders** brief provides greater protection to a defendant, this Court may accept it in lieu of a ***Turner***/***Finley*** letter. ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa. Super. 2008).

why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner**/**Finley** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Our review of the record discloses that Attorney Kaczynski has complied with the above requirements. In the **Anders** brief, he: (1) set forth the issues Appellant wished to have reviewed; (2) stated he conducted a thorough review of the record and applicable law; (3) determined there are no non-frivolous claims Appellant can raise; and (4) explained why Appellant's claims are meritless. **See generally Anders** Brief. Moreover, Attorney Kaczynski mailed Appellant a letter, dated August 12, 2021, informing him of his intention to seek permission to withdraw from representation, as well as

Appellant's rights in lieu of representation. *See Widgins*, 29 A.3d at 818. Since Attorney Kaczynski has complied with the *Turner*/*Finley* requirements, we may proceed to independently review the record. However, before doing so, we examine whether Appellant is eligible for collateral relief.

Section 9543 of the PCRA provides that to be eligible for relief, a petitioner "must plead and prove by a preponderance of the evidence ... [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted, **currently serving a sentence of imprisonment, probation or parole for the crime**[.]" 42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added); *see also Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) ("the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute."). A petitioner becomes ineligible for PCRA relief "[a]s soon as his sentence is completed, ... regardless of whether he was serving his sentence when he filed the petition." *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa. Super. 2006).

Here, the record reveals that Appellant has completed his sentence. As stated above, on September 11, 2014, the trial court revoked Appellant's probation and imposed a new sentence of three years of probation, to commence that day. Appellant's probationary sentence expired on September 11, 2017. Therefore, Appellant was not eligible for collateral relief when he filed his PCRA petition in December 2019. *See* 42 Pa.C.S.A. § 9543(a)(1)(i);

***Commonwealth v. Descardes***, 136 A.3d 493, 503 (Pa. 2016) (petitioner's "PCRA petition should have been dismissed because, as he was no longer incarcerated at the time it was filed, he was ineligible for PCRA relief, and, thus, both the PCRA court and the Superior Court lacked jurisdiction to entertain the petition.").

Accordingly, we dismiss Appellant's appeal.[5]  Further, Attorney Kaczynski is entitled to withdraw as Appellant's counsel for the reasons discussed above.

Appeal dismissed.  Petition for leave to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/19/2021

---

[5] Although Appellant raised claims of PCRA counsel's ineffectiveness following the denial of his petition, the PCRA court, and this Court, lack jurisdiction to address same.  ***See Descardes***; ***Cf. Commonwealth v. Bradley***, 2021 WL 4877232, at \*15 (Pa. Oct. 20, 2021) ("a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." (footnote omitted)).